IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
A.J. KELLY,                    )
                               )
              Plaintiff,       )       8:15CV78
                               )
         v.                    )
                               )
TECUMSEH STATE CORRECTIONS     )       MEMORANDUM AND ORDER
INSTITUTE,                     )
                               )
              Defendant.       )
_____)
```

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on March 2, 2015. On July 6, 2015, the Court ordered petitioner to file an amended petition for writ of habeas corpus within 30 days. As of the date of this Memorandum and Order, petitioner has not filed an amended petition.

This matter is before the Court on petitioner's correspondence filed on July 20, 2015 (Filing No. 8). Petitioner asks in his correspondence whether he "may come back at a later date" to prosecute this case or whether he may "cancel" it at this time. The Court cannot act as petitioner's counsel by giving him advice on how to proceed in this action. Petitioner should note that he may request voluntary dismissal without prejudice of this case pursuant to Rule 41 of the Federal Rules of Civil Procedure. However, there are potential consequences of

dismissal of his action pursuant to such a request. Specifically, Petitioner should be aware that 28 U.S.C. § 2244(d) establishes a one-year period of limitation for applications for writs of habeas corpus challenging state court judgments.[1] The pendency of the instant federal action does not toll -- and has not tolled -- the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1) should petitioner subsequently file another § 2254 petition after dismissal of the instant petition without prejudice. See Duncan v. Walker, 533 U.S. 167, 181 (2001). Finally, petitioner is advised that the fact that a § 2254 petition is dismissed without prejudice does not preclude a determination that a subsequently filed § 2254 petition is untimely or otherwise procedurally barred.

IT IS ORDERED:

1. Petitioner may request voluntary dismissal without prejudice of this case pursuant to Rule 41 of the Federal Rules of Civil Procedure.

2. On the Court's own motion, the time in which petitioner has to file an amended petition for writ of habeas

---

[1] The one-year period normally runs from the date upon which the conviction became final, see 28 U.S.C. § 2244(d)(1), but the time during which a "properly filed" application for state post-conviction or other collateral review is pending is not counted. See 28 U.S.C. § 2244(d)(2).

corpus is extended.  Petitioner has 30 days from the date of this Memorandum and Order to file an amended petition for writ of habeas corpus.  Failure to file an amended petition will result in the Court dismissing this case without prejudice and without further notice.  In other words, in order for this matter to proceed in this Court, petitioner must file an amended petition for writ of habeas corpus as provided in the Court's Memorandum and Order dated July 6, 2015.

      3.   The clerk of the court is directed to set the following pro se case management deadline:  September 8, 2015: check for amended petition; dismiss if none filed.

      DATED this 4th day of August, 2015.

                      BY THE COURT:

                      /s/ Lyle E. Strom
                      _____
                      LYLE E. STROM, Senior Judge
                      United States District Court

---

    * This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.